MELISSA WIGFALL,
CONNIE DANIELS,
GENETHEL DANIELLE PYE,
ANTHONY MILLS,
MALISA BUTLER,
VIRGINIA LARRY,
MELISSA WORLEY, and
KIMBERLY HARRIS,

    Plaintiffs,

v.

                                            Case No.: 8:10-CV-02232-T-24-TGW

SAINT LEO UNIVERSITY, INCORPORATED,

    Defendant.
_____/

## ORDER

This cause comes before the Court on a Motion for Judgment on the Pleadings filed by Defendant Saint Leo University, Incorporated ("Saint Leo"). (Dkt. 23). Plaintiffs Melissa Wigfall, Connie Daniels, Genethel Danielle Pye, Anthony Mills, Malisa Butler, Virginia Larry, Melissa Worley, and Kimberly Harris filed a response in opposition to the motion. (Dkt. 29). For the reasons stated herein, the motion is granted in part and denied in part.

**I.    Background**

Defendant Saint Leo University, Incorporated, is a university that had a contract with Sodexo, Incorporated ("Sodexo"), whereby Sodexo would provide food services to Saint Leo. (Dkt. 10 at ¶¶ 15, 33). Plaintiffs allege that they provided food services at Saint Leo under that contract. (*Id.* at ¶¶ 6-13).

In the present motion, Saint Leo contends that the eight plaintiffs in this case previously litigated the identical facts and issues alleged in this lawsuit against Saint Leo in an earlier lawsuit against Sodexo, Case No. 8:10-cv-00375-JDW-AEP ("*Sodexo* Lawsuit").  To best understand the context of the case before the Court, it is necessary to present a timeline that highlights relevant filings in this case ("*Saint Leo* Lawsuit") and the *Sodexo* Lawsuit.

On February 4, 2010, Plaintiffs filed a complaint against Sodexo. (*Sodexo* Lawsuit, Dkt. 1). Plaintiffs later amended their complaint to assert four counts against Sodexo for unpaid overtime wages, battery, retaliation under Florida's Whistleblower Statute and Section 1981, and discrimination under Section 1981. (*Sodexo* Lawsuit, Dkt. 15). Saint Leo was not named as a defendant in the *Sodexo* Lawsuit.

On June 17, 2010, Plaintiffs and Sodexo participated in mediation and negotiated a settlement for all claims in the lawsuit. (*Sodexo* Lawsuit, Dkt. 16).  As a result of the settlement, the case was administratively closed on June 22, 2010. (*Sodexo* Lawsuit, Dkt. 17).  Notably, two days before the mediation, Plaintiffs put Saint Leo "on notice that Plaintiffs considered Saint Leo as a joint employer and as a responsible party for the unlawful employment practices" alleged in the lawsuit. (*Sodexo* Lawsuit, Dkt. 32, p.3).

Pursuant to the terms of the settlement, Sodexo delivered settlement funds to Plaintiffs. Plaintiffs, however, did not file timely notices of dismissal with prejudice, as the parties agreed in the settlement agreements.  As a result, Sodexo ultimately filed a motion to enforce the settlement agreements. (*Sodexo* Lawsuit, Dkt. 38.)

In early August of 2010, those Plaintiffs who were still employed by Sodexo received a notice that, effective September 29, 2010, their employment with Sodexo would be terminated because Saint Leo terminated its food services contract with Sodexo effective October 1, 2010.

(*Sodexo* Lawsuit, Dkt. 32, Comp. Ex. C at 3).

On August 17, 2010, Plaintiffs filed a Motion for Enlargement of Time to Seek Leave to Reopen the Case for Good Cause, alleging that there were "substantial factual disputes" between the parties regarding the "terms of the non-FLSA settlement agreements." (*Sodexo* Lawsuit, Dkt. 22 at ¶ 4). The Court granted the motion, extending dismissal of the case without prejudice until September 16, 2010. (*Sodexo* Lawsuit, Dkt. 23). The Court later extended the dismissal of the case without prejudice until October 1, 2010. (*Sodexo* Lawsuit, Dkt. 26).

On October 1, 2010, Saint Leo terminated its contract with Sodexo, and those Plaintiffs who had remained employed by Sodexo until that time were terminated. (*Saint Leo* Lawsuit, Dkt. 10 at ¶¶ 27, 33). Also on that date, Plaintiffs filed a third motion for extension of time to seek leave to reopen the case (*Sodexo* Lawsuit, Dkt. 28), and the Court granted the motion, again extending dismissal of the case without prejudice until November 16, 2010. (*Sodexo* Lawsuit, Dkt. 30.)

Five days later, on October 5, 2010, Plaintiffs filed the instant case, alleging discrimination and retaliation under Section 1981, the Florida Whistleblower Statute, and the Fair Labor Standards Act ("FLSA"). At that time, Plaintiffs named as defendants Sodexo, Saint Leo, and Rich Vogel, the general manager of food services. (*Saint Leo* Lawsuit, Dkt. 1).

On November 16, 2010, Plaintiffs filed a motion to reopen the *Sodexo* Lawsuit. (*Sodexo* Lawsuit, Dkt. 32.) In that motion, Plaintiffs contended that they had been fraudulently induced to enter into the settlement agreements, and that Sodexo did not have the authority (without Saint Leo's participation) to agree to certain non-monetary promises contained in the agreements, such as the removal of Rich Vogel as general manager. (*Sodexo* Lawsuit, Dkt. 32). Plaintiffs asked for an evidentiary hearing to resolve their claims of fraudulent inducement. Thereafter, Plaintiffs

filed two motions for extension of time to amend the motion to reopen (*Sodexo* Lawsuit, Dkt. 34, 40), which the *Sodexo* Court generously granted. On December 6, 2010, Plaintiffs filed their amended motion to reopen the case. (*Sodexo* Lawsuit, Dkt. 42).

On February 18, 2011, in the *Saint Leo* Lawsuit, Plaintiffs filed their Amended Complaint, removing Sodexo and Rich Vogel as defendants, thereby leaving Saint Leo as the only defendant. (*Saint Leo* Lawsuit, Dkt.10). In their Amended Complaint, Plaintiffs assert two counts against Saint Leo for retaliation and discrimination under Section 1981, the Florida Whistleblower Statute, and the FLSA.

On April 19, 2011, in the *Sodexo* Lawsuit, all Plaintiffs except Plaintiff Worley withdrew their motion to reopen the case, electing instead to affirm the June 17, 2010 settlement agreements. (*Sodexo* Lawsuit, Dkt. 76). They indicated that they intended to seek damages by filing a separate lawsuit. On May 31, 2011, the *Sodexo* Court denied Plaintiff Worley's Amended Motion to Seek Leave to Reopen the Case and dismissed with prejudice the claims of all Plaintiffs except Plaintiff Worley. (*Sodexo* Lawsuit, Dkt. 81). Ultimately, on June 1, 2011, the parties filed a Joint Stipulation for Dismissal with Prejudice as to the remaining plaintiff, Plaintiff Worley. (*Sodexo* Lawsuit, Doc. No. 82).

Thus, although the *Sodexo* Lawsuit was administratively closed on June 22, 2010, the case remained in active litigation for nearly a full year until June 1, 2011 when all Plaintiffs' claims were dismissed with prejudice.

**II.      Discussion**

"Judgment on the pleadings is appropriate when material facts are not in dispute and

4

judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n.*, 137 F.3d 1293, 1295 (11th Cir. 1998). When considering a motion for judgment on the pleadings, a reviewing court must "accept the facts in the complaint as true and . . . view them in the light most favorable to the nonmoving party." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

Here, Saint Leo argues that it is entitled to a judgment on the pleadings on the basis of the doctrine of collateral estoppel. Collateral estoppel "precludes a plaintiff from relitigating identical issues by merely 'switching adversaries.'" *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 329 (1979) (citations and quotations omitted). To invoke collateral estoppel, the defendant must demonstrate that:

> (1) the issue at stake in a pending action is identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding."

*Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1293 (11th Cir. 2003). All four elements are required.

### A. Issues at Stake Are Identical to Issues in Prior Litigation

Saint Leo argues that the issues raised by Plaintiffs in the present case are identical to the issues raised in the *Sodexo* Lawsuit. To support its argument, Saint Leo highlights that the factual allegations that form the basis of Plaintiffs' claims in the present case are the same as the factual allegations that formed the basis of the claims they asserted against Sodexo in the *Sodexo* Lawsuit. In response, Plaintiffs argue that the claims are based on actions that arose after the

5

settlement of the *Sodexo* Lawsuit, and the Amended Complaint in the present case includes references to discrimination and retaliation that occurred before the *Sodexo* settlement because that activity is ongoing.

For collateral estoppel to preclude the Plaintiffs from bringing the present causes of action, the issues in the instant case must be more than "'similar in nature and close in time'" to the prior litigation; the issues must be identical. *In re McWhorter*, 887 F.2d 1564, 1567 (11th Cir. 1989) (quoting *Rufenacht v. Iowa Beef Processors, Inc.*, 656 F.2d 198, 203 (5th Cir. 1981)).

Taking all facts pled in Plaintiffs' Amended Complaint as true and viewing them in the light most favorable to Plaintiffs, the Court determines that, with one exception, the issues in this case are identical to the issues in the *Sodexo* Lawsuit. Placing the Amended Complaint in this lawsuit side-by-side with the Amended Complaint in the *Sodexo* Lawsuit reveals that Plaintiffs' allegations of adverse employment conduct against Saint Leo are not separate and distinct from the allegations in the prior lawsuit; in fact, the conduct that gave rise to Plaintiffs' allegations in the instant case is exactly the same as the conduct that gave rise to Plaintiffs' allegations in the *Sodexo* Lawsuit. (*Compare* Doc. No. 10 at ¶¶ 26-27 *with Sodexo* Lawsuit, Doc. No. 15 at ¶¶ 18, 42). The only difference between Plaintiffs' Amended Complaint in the *Sodexo* Lawsuit and the Plaintiffs' Amended Complaint in the instant case is that Plaintiffs are now attempting to hold Saint Leo, rather than Sodexo, liable for the adverse employment conduct under a "joint employer" theory. Indeed, it appears that Plaintiffs have "cut and paste" the underlying core of their allegations into a new lawsuit against Saint Leo, only now asserting that Saint Leo is also liable on a "joint employer" theory for the same claims that the *Sodexo* Court already dismissed with prejudice.

If Plaintiffs thought Saint Leo was liable for any actions as a joint employer of Sodexo,

they had ample opportunity to add Saint Leo as a defendant to the *Sodexo* Lawsuit. In fact, Plaintiffs themselves admit that they put Saint Leo on notice that they considered Saint Leo a joint employer and a responsible party for the adverse employment practices that formed the basis of their suit two days *before* they mediated their suit with Sodexo. Nevertheless, Plaintiffs failed to add Saint Leo as a defendant in their first suit, and instead elected to settle their claims with Sodexo. After a settlement with Sodexo was reached, Plaintiffs kept their *Sodexo* Lawsuit alive for a full year after mediation while they explored the possibilities of Saint Leo's involvement in alleged settlement fraud, by filing numerous motions for extensions of time to reopen the suit. At any time, Plaintiffs could have moved the *Sodexo* Court to permit them to add Saint Leo as a defendant, but they did not do so. Thus, in laying the *Sodexo* Lawsuit next to this lawsuit, it is readily apparent that the same nucleus of operative facts underpin both lawsuits, and that Plaintiffs had ample opportunity to add Saint Leo as a defendant in the first suit, but elected not to do so.

The one notable exception to this conclusion relates to Plaintiffs' retaliation claim. The only claim that the Court can discern that is not identical to the claims asserted in the *Sodexo* Lawsuit is Plaintiffs' current claim that Saint Leo terminated them on October 1, 2010, in retaliation for their participation in the *Sodexo* Lawsuit. This claim did not appear–in the Amended Complaint, at least–in the *Sodexo* Lawsuit; and therefore, the Court will permit Plaintiffs to proceed against Saint Leo on this singular claim. The Court notes, however, that it will only permit those Plaintiffs who remained employed during the pendency of the *Sodexo* Lawsuit, and who were terminated on or around October 1, 2010, to assert such a retaliation claim against Saint Leo. Furthermore, the Court notes that it is unclear at this time whether Saint Leo qualified as Plaintiffs' employer for purposes of stating a valid retaliation claim. That issue,

7

however, is beyond the scope of the current motion.

In conclusion, the Court will permit those Plaintiffs who were terminated on or about October 1, 2010, to assert a singular retaliation claim against Saint Leo–that they were terminated in retaliation for their participation in the *Sodexo* Lawsuit.

**B.     Issues Were Actually Litigated in Prior Suit**

Saint Leo argues that Plaintiffs are precluded from re-litigating the claims from the *Sodexo* Lawsuit because Plaintiffs presented their claims to the Court, litigated the issues, settled the case, and then stipulated to a dismissal with prejudice. Plaintiffs, however, contend that the issues in the *Saint Leo* Lawsuit were never litigated in the *Sodexo* Lawsuit because no findings of fact were made in the *Sodexo* Lawsuit and instead, the case was dismissed pursuant to a settlement agreement.

A settlement agreement that contains a stipulated motion to dismiss operates as a consent judgment that "cannot constitute collateral estoppel *unless* the party pleading collateral estoppel proves from the record of the prior case or through extrinsic evidence that the parties intended the consent judgment to operate as a final adjudication of a particular issue." *Balbirer v. Austin*, 790 F.2d 1524, 1528 (11th Cir. 1986) (emphasis added). The parties' intent must be examined whenever litigation is concluded pursuant to a settlement agreement in order to ensure that the parties' agreement to settle "was based on the merits" and was not made "for a different reason." *United States v. Int'l Bldg. Co.*, 345 U.S. 502, 505 (1953). Otherwise, "the doctrine of [collateral estoppel] would serve an unjust cause: it would become a device by which a decision not shown to be on the merits would forever foreclose inquiry into the merits." *Id.* at 506.

Upon review of the record in the *Sodexo* Lawsuit, it is clear that Plaintiffs intended the settlement agreements to preclude litigation of the issues against Saint Leo in another

8

proceeding. In the settlement agreements, Plaintiffs waived all claims against "Sodexo and/or its respective current and former predecessors, successors, affiliates, subsidiaries, [and] partners . . . , including . . . all claims arising from or related to the incidents alleged in the Action." (*Sodexo* Lawsuit, Dkt. 32, Exhibit A at ¶ 2(a)). The agreement further states that "[t]hese released claims include, but are not necessarily limited to, claims arising from [Plaintiffs'] employment with Sodexo and the termination of that employment including, but not limited to, . . . allegations of discrimination, harassment, or retaliation . . . ." (*Id.*) Additionally, in the parties' joint motion to approve the settlement of the FLSA claims in the *Sodexo* Lawsuit, the parties agreed that "the primary focus of the settlement was to resolve the race discrimination, retaliation and state law claims for battery," and that the FLSA claims were "minor" in comparison to the other claims raised by Plaintiffs in the *Sodexo* Lawsuit. (*Sodexo* Lawsuit, Dkt. 20 at ¶ 6). Thus, it is clear from the record that (with the exception of Plaintiffs' claim that they were terminated in retaliation for their participation in the *Sodexo* Lawsuit) the issues of race discrimination and retaliation were actually litigated, and the Plaintiffs are prevented from re-litigating the claims that arise from these issues against Saint Leo.

  C.  **Determination of the Issues in the Prior Suit Was a Critical and Necessary Part of the Judgment**

Saint Leo argues that the determination of the issues was a critical and necessary part of the settlement of the *Sodexo* Lawsuit because, as noted above, the parties agreed in their joint motion to approve the settlement of the FLSA claims that the primary focus of the settlement was to resolve the race discrimination and retaliation claims. Plaintiffs simply respond that the issues raised in the instant case continued after the settlement of the *Sodexo* Lawsuit, and the settlement agreement expressly excludes any claim based on conduct occurring after the parties

9

executed the settlement agreement.

The Court concludes that the determination of the issues in the *Sodexo* Lawsuit was critical and necessary to the judgment. As Saint Leo highlights, the parties' joint motion for approval of the settlement of the FLSA claims clearly indicates that the race discrimination and retaliation issues in the *Sodexo* Lawsuit were critical and necessary to the settlement because the parties agreed that those claims were "the primary focus of the settlement." (*Sodexo* Lawsuit, Dkt. 20 at ¶ 6). As noted above, the only claim that does not appear to have been a critical and necessary part of the parties' stipulated judgment was Plaintiffs' claim that they were terminated in retaliation for their participation in the *Sodexo* Lawsuit. Thus, with that exception, the record clearly shows that a determination of the race discrimination and retaliation issues was critical and necessary to the negotiated settlement and dismissal.

### D. Plaintiffs Had a Full and Fair Opportunity to Litigate

Finally, the Court concludes that Plaintiffs had a full and fair opportunity to litigate the issues in this case in the *Sodexo* Lawsuit. Plaintiffs indicated that they put Saint Leo on notice as early as two days *before* they mediated with Sodexo that they considered Saint Leo a responsible party for the unlawful employment practices alleged in the *Sodexo* Lawsuit. Furthermore, although the *Sodexo* Lawsuit was administratively closed on June 22, 2010, the parties were actively litigating the case for almost another full year until June 1, 2011, when the remaining plaintiff, Plaintiff Worley, entered her joint stipulation for dismissal with prejudice. During the interim between when the case was administratively closed and when the last plaintiff's claims were dismissed with prejudice, the Court generously granted Plaintiffs' numerous requests for extensions of time to reopen the case. (*Sodexo* Lawsuit, Dkts. 23, 26, 30, 35, 41). It was clear from Plaintiffs' motion to reopen and amended motion to reopen that they were exploring Saint

Leo's involvement in the alleged settlement fraud. Plaintiffs nevertheless elected to withdraw their motions to reopen the suit, and enter stipulations for dismissal with prejudice. Thus, (with the exception of Plaintiffs' claim that they were terminated in retaliation for their participation in the *Sodexo* Lawsuit) Plaintiffs had a full and fair opportunity to litigate the issues in the present case in the *Sodexo* Lawsuit.

### III.   Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Saint Leo's Motion for Judgment on the Pleadings is **GRANTED IN PART AND DENIED IN PART**. The Court will permit those Plaintiffs who were terminated on or about October 1, 2010, to assert a singular retaliation claim against Saint Leo–that they were terminated in retaliation for their participation in the *Sodexo* Lawsuit. Otherwise, the motion is granted. On or before **November 4, 2011**, Plaintiffs are directed to file a Second Amended Complaint in which only this claim is alleged.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of October, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of record