UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA WIGFALL,
CONNIE DANIELS,
GENETHEL DANIELLE PYE,
ANTHONY MILLS,
MALISA BUTLER,
VIRGINIA LARRY,
MELISSA WORLEY, and
KIMBERLY HARRIS,

    Plaintiffs,

v.                                        Case No.: 8:10-CV-02232-T-24-TGW

SAINT LEO UNIVERSITY, INCORPORATED,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on a Motion to Consolidate and Stay filed by Plaintiffs Melissa Wigfall, Connie Daniels, Genethel Danielle Pye, Anthony Mills, Malisa Butler, Virginia Larry, Melissa Worley, and Kimberly Harris. (Dkt. 34.) Defendant Saint Leo University, Incorporated ("Saint Leo") does not oppose the motion. (Dkt. 36.)

In this motion, Plaintiffs request that the Court consolidate this case with *Mills v. Saint Leo University, Inc.*, 8:11-cv-1755-T-24-AEP, which the Court refers to as the *Saint Leo II* Lawsuit. In that suit, Plaintiffs assert a retaliation claim under Title VII and the Florida Civil Rights Act against Saint Leo that is identical to the retaliation claim under Section 1981 that is pending in the current litigation.[1] Because the retaliation claims are based on the same facts and

---

[1] On October 17, 2011, Plaintiffs filed an Amended Complaint in the *Saint Leo II* Lawsuit, in which they add a second count for retaliation against Sodexo, Inc., although the

circumstances, the Court finds that consolidation is appropriate.  Consistent with the Court's instructions in its order on Saint Leo's Motion for Judgment on the Pleadings, Plaintiffs are directed to file a Second Amended Complaint in which they assert one claim for retaliation against Saint Leo under the appropriate statute(s).

Plaintiffs also request that the Court stay this litigation for six months pending an investigation by the EEOC into their charge of discrimination against Sodexo, Inc.  Plaintiffs have not yet received their right to sue letter from the EEOC for their charge against Sodexo, Inc., and therefore, they request that the Court stay this litigation for six months to give the EEOC sufficient time to conduct its investigation and issue the right to sue letter.  Saint Leo does not oppose a six-month stay of the litigation.  However, if Court declines to grant the stay, Saint Leo requests a four-month extension of the case management deadlines.

The Court concludes, however, that a six-month stay of this litigation is not appropriate. The Court declines to stay this case for six months to wait for Plaintiffs to sue Sodexo, Inc. as a defendant, particularly when there is no guarantee that the EEOC will issue its right to sue letter within the six months, and when the instant case against Saint Leo was scheduled on the Court's calendar six months ago.  The instant case has been pending for a year, and both the discovery and dispositive motion deadlines are quickly approaching.  Plaintiffs may attempt to assert a retaliation claim against Sodexo, Inc., whenever the EEOC issues its right to sue letter.

The Court also declines Saint Leo's request for a four-month extension of the case management deadlines.  The parties have not provided the Court with a sufficient justification

---

caption of the Amended Complaint does not list Sodexo, Inc., as a party defendant.  (Dkt. 7.) Plaintiffs state in their Amended Complaint that they intend to amend their complaint once again after the EEOC concludes its investigation and issues a right to sue Sodexo, Inc.

for an extension of the case management deadlines. In consolidating this case, the Court is not permitting Plaintiffs to assert an entirely new allegation against Saint Leo. Rather, Plaintiffs only claim shall be a claim against Saint Leo for terminating them in retaliation for their participation in the first lawsuit, *Daniels v. Sodexo, Inc.,* 8:10-cv-375-JDW-AEP. Plaintiffs may assert this retaliation claim under whatever statute(s) they deem appropriate at this time, and the Court will address the merits of that claim when it rules on the parties' dispositive motions, or at trial. The Court sees no reason why the parties need additional time to conduct discovery on a retaliation claim that has been pending since the beginning of this lawsuit one year ago.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Consolidate and Stay is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs' motion is granted to the extent that *Mills v. Saint Leo University, Inc.*, 8:11-cv-1755-T-24-AEP, is consolidated with the instant case. On or before November 4, 2011, Plaintiffs are directed to file a Second Amended Complaint in this suit in which they assert one count against Saint Leo for retaliation under whatever statute(s) they deem appropriate. This shall be Plaintiffs final version of their complaint, and the Court will not permit any more amendments to the complaint. Plaintiffs are cautioned that failure to comply with this order may result in sanctions, including dismissal of the suit. The motion is denied as to the request for a six-month stay, and denied as to the request for a four-month extension of the case management deadlines.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of October, 2011.

Copies to: Counsel of record

SUSAN C. BUCKLEW
United States District Judge