UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA WIGFALL,
VIRGINIA LARRY,
CONNIE DANIELS,
GENETHEL DANIELLE PYE,
ANTHONY MILLS,
MELISSA WORLEY, and
MALISA BUTLER

          Plaintiffs,

vs.                                  Case No. 8:10-CV-2232-T-24-TGW

SAINT LEO UNIVERSITY,
INCORPORATED,

          Defendant.
_____/

## **O R D E R**

This cause comes before the Court for consideration of a Verified Motion to Tax Costs and for Attorneys' Fees, filed by Defendant Saint Leo University, Incorporated ("Saint Leo"). (Dkt. 103). Plaintiffs Melissa Wigfall, Virginia Larry, Connie Daniels, Genethel Danielle Pye, Anthony Mills, Melissa Worley, and Malisa Butler filed a response in opposition to the motion (Dkt. 106), and Saint Leo filed a reply (Dkt. 109).

**I.    Background**

Plaintiffs brought this lawsuit against Saint Leo under the Florida Whistleblower Act, the Florida Civil Rights Act, the Fair Labor Standards Act, 42 U.S.C. § 1981, and Title VII. The following facts are part of the Court's March 6, 2012 Order, granting summary judgment to Saint Leo:

Saint Leo formerly had a contract with Sodexo, Inc. ("Sodexo"), where Sodexo would

provide food services on the Saint Leo campus. Plaintiffs were food service workers on the Saint Leo campus under the contract between Saint Leo and Sodexo. Importantly, Plaintiffs conceded that they were "'supervised, directed, evaluated and subject to discipline by Sodexo's personnel.'"

On February 4, 2010, Plaintiffs and several others filed a lawsuit against Sodexo asserting claims of race discrimination, retaliation, unpaid overtime wages, and battery. *Daniels et al v. Sodexo*, Case No. 8:10-cv-375-JDW-AEP (hereafter, "the *Sodexo* Lawsuit"). Saint Leo was not named as a defendant in the *Sodexo* Lawsuit. Plaintiffs' claims in the *Sodexo* Lawsuit settled during a confidential mediation that took place on June 17, 2010. Saint Leo did not participate in the mediation and did not confer with Sodexo before it agreed to the settlement terms, including the removal of Rich Vogel, a food services manager.

For several reasons, including its desire to keep Vogel as the head of an in-house dining program on campus, Sodexo's failure to communicate with Saint Leo regarding the *Sodexo* Lawsuit, and the anticipated cost savings of running its own food services, Saint Leo decided to terminate its contract with Sodexo. On July 30, 2010, Saint Leo notified Sodexo that it was terminating the Sodexo contract, and that it would handle food services in-house. Following this notification, Sodexo sent its food service workers at the Saint Leo campus, including Plaintiffs, a letter stating that, as a result of Saint Leo's cancellation of the Sodexo contract, Sodexo would no longer employ them.

On October 5, 2010, Plaintiffs filed the present lawsuit against Saint Leo, alleging discrimination and retaliation claims under Section 1981, the Florida Whistleblower Act, and the Fair Labor Standards Act. Following the Court's Orders of October 18, 2011 on Saint Leo's

2

Motion for Judgment on the Pleadings and Motion to Consolidate, Plaintiffs filed their Second Amended Complaint, in which they asserted a claim that Saint Leo terminated their employment in retaliation for their participation in the *Sodexo* Lawsuit. Specifically, Plaintiffs argued that, on October 1, 2010, Saint Leo wrongfully terminated their employment in violation of the Florida Whistleblower Act, the Florida Civil Rights Act, the Fair Labor Standards Act, Section 1981, and Title VII.

On December 13, 2011, the Court ruled that Plaintiffs were judicially estopped from asserting any claim other than their retaliatory termination claim. On March 6, 2012, in its summary judgment order, the Court found that Plaintiffs failed to establish a prima facie case for retaliation because they did not provide any evidence that Saint Leo was a joint employer, that Saint Leo terminated their employment, or that there was a causal connection between their participation in the *Sodexo* Lawsuit and the termination of their employment. The Court further ruled that, even if Plaintiffs had established a prima facie case, they had presented no evidence that Saint Leo's three legitimate, non-retaliatory reasons for terminating its contract with Sodexo were a pretext for retaliation.

On March 7, 2012, a judgment was entered against Plaintiffs and in favor of Saint Leo on Plaintiffs' retaliatory termination claim, and the case was closed.

**II.     Costs**

Saint Leo seeks to recover $10,314.27 in costs incurred in defending this action. Saint Leo submitted an affidavit for its bill of costs in support of its motion to tax costs. *See Velez v. Levy World Ltd., Partnership*, 182 Fed. Appx. 929, 932 (11th Cir. 2006) (finding that an award of costs without an invoice is sufficient so long as the declaration of the bill of costs includes a

statement from counsel under the penalty of perjury that the costs are properly taxable).

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs "shall be allowed as of course to a prevailing party unless the court directs otherwise." While the Court retains discretion to deny costs to a prevailing party, the presumption is in favor of the award of costs. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). Because Saint Leo is the prevailing party in this action, it is entitled to recover its costs. *See Head v. Medford*, 62 F.3d 351, 354-55 (11th Cir. 1995).

Plaintiffs do not dispute that Saint Leo is entitled to recover costs pursuant to Rule 54(d)(1) as the prevailing party. Additionally, they do not object to the amount of costs that Saint Leo is seeking recover, with one exception. They object to Saint Leo's request to tax costs in the amount of $1,476.02 for legal research.

The Court has reviewed Saint Leo's motion to recover costs, and the affidavits submitted in support of the motion, and finds that all of the costs, including the costs incurred for legal research, are properly taxable under Rule 54(d)(1) and 28 U.S.C. § 1920. Accordingly, Saint Leo is entitled to recover $10,314.27 for the costs it incurred in defending this action.

## III. Attorneys' Fees

Saint Leo also seeks to recover $181,216.50 in attorneys' fees for having to defend what it describes as a frivolous and unreasonable case that lacked any factual or legal merit.

### A. Entitlement to Fees

Saint Leo contends that it is entitled to recover its attorneys' fees as the prevailing defendant in this employment discrimination case, pursuant to the standard set forth by the U.S. Supreme Court in *Christianburg Garment Co. v. EEOC*, 434 U.S. 412 (1978). Under

*Christianburg*, a prevailing defendant should recover fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421. Pursuant to Florida Statute Section 760.11(5), the Florida Civil Rights Act's provision for attorney's fees shall "be interpreted in a manner consistent with federal case law involving a Title VII action." Thus, the same federal standard applies to the state statute.

In determining entitlement to fees under the *Christianburg* standard, the district court "must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985) (quotation omitted). The cases in which findings of "frivolity" have been sustained typically are cases in which "the plaintiffs did not introduce any evidence to support their claims." *Id.* The important factors to determine whether a claim is frivolous also include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case before trial, or held a trial on the merits. *Id.* These factors, however, are "general guidelines only, not hard and fast rules," and "[d]eterminations regarding frivolity are to be made on a case-by-case basis." *Id.*

### 1. Plaintiffs did not establish a prima facie case.

A plaintiff's failure to establish a prima facie case supports a finding that his claim is frivolous and that an award of attorneys' fees is appropriate. *Torres v. City of Orlando*, F. Supp. 2d 1046, 1052 (M.D. Fla. 2003).

First, Saint Leo argues, and the Court agrees, that Saint Leo is entitled to fees on all

5

claims that were dismissed when Saint Leo's motion for judgment on the pleadings was granted. In the order granting that motion, the Court emphasized that the allegations in Plaintiffs' complaint against Saint Leo were not separate and distinct from the allegations in the prior lawsuit against Sodexo: the conduct giving rise to Plaintiffs' claims was the same as the conduct that gave rise to Plaintiffs' claims in the *Sodexo* Lawsuit; and Plaintiffs were merely trying to hold Saint Leo liable, instead of Sodexo. The Court noted, "it appears that Plaintiffs have 'cut and paste' the underlying core of their allegations into a new lawsuit against Saint Leo, only now asserting that Saint Leo is also liable on a 'joint employer' theory for the same claims that the *Sodexo* Court already dismissed with prejudice." The Court further noted that Plaintiffs could have moved the *Sodexo* Court to permit them to add Saint Leo as a defendant, but failed to do so.

Based on these findings, the Court concludes that Plaintiffs' claims that were dismissed when Saint Leo's motion for judgment on the pleadings was granted were frivolous, unreasonable, and without foundation because: (1) Plaintiffs could not establish a prima facie case against Saint Leo on these claims because they were barred by the doctrine of collateral estoppel; (2) Plaintiffs had already settled claims based on the same facts with Sodexo before this suit; and (3) Plaintiffs' claims were dismissed early in the litigation. As such, the Court concludes that Saint Leo is entitled to attorneys' fees for the claims that were dismissed when the Court granted the motion for judgment on the pleadings.

Next, Saint Leo argues, and the Court agrees, that it is entitled to recover its fees for the retaliation claim for which the Court granted summary judgment in favor of Saint Leo on March 6, 2012. In that ruling, the Court found that Plaintiffs' attempt to hold Saint Leo liable for retaliation under a joint employer theory was not supported by any evidence in the record. The

Court ruled, "[n]othing in the record shows that Saint Leo exercised the necessary control over Plaintiffs] to be deemed a joint employer." Additionally, the Court emphasized the fact that Plaintiffs had conceded that they were "'supervised, directed, evaluated, and subject to discipline by Sodexo's personnel.'"

Likewise, the Court found that Plaintiffs had failed to produce any record evidence to establish a prima facie case of retaliation. The Court found that there was no evidence that Plaintiffs suffered an adverse employment action as the result of Saint Leo's conduct, or that Saint Leo even terminated Plaintiffs. In fact, the record showed that Plaintiffs had been notified that Sodexo was terminating their employment. Additionally, the Court found that Plaintiffs failed to present any evidence that there was a causal connection between their termination and their participation in the previous lawsuit. Rather, the evidence showed that Sodexo terminated their employment based on Saint Leo's cancellation of the contract, which decision had been made by Saint Leo for three legitimate, non-retaliatory reasons that Plaintiffs had not shown were pretextual.

Based on these findings, the Court concludes that Plaintiffs' retaliation claims, and particularly their joint employer theory of liability, were frivolous, unreasonable, and without foundation because: (1) Plaintiff's own admissions prevented any showing that Saint Leo was a joint employer; (2) Plaintiffs were aware, through the Sodexo notices provided to them, that Sodexo–not Saint Leo–had terminated their employment; and (3) Plaintiffs presented no evidence to support a prima facie case for retaliation.

### 2.     Saint Leo's attempt to settle does not weigh against an award of fees.

A defendant's attempt to settle a case does not necessarily weigh against an award of fees to a prevailing defendant. For example, offering to settle a case as part of a court-ordered mediation does not weigh against an award of fees because the parties are expected to participate in the mediation in good faith. *See El Shahawy v. Lee*, No. 8:95-cv-269 RWN, 1999 WL 33919538, at *6-7 (M.D. Fla. Apr. 23, 1999) ("[A]ny offer made by the Defendants was made during the course of Court-ordered mediation, and thus should not be weighed so heavily against Defendants who participated therein in good faith. In any event, the Court concludes that this factor weighs more in favor of a fee award than against one."). Here, Saint Leo participated in the Court-ordered mediation, and therefore made a good faith attempt to resolve this case. This attempt to resolve the case at a court-ordered mediation does not weigh against an award of fees.

### 3.     The Court dismissed Plaintiffs' claims before trial.

If a court grants a motion for summary judgment in favor of a defendant, the prevailing defendant satisfies the third factor of Sullivan. *Torres*, 264 F. Supp. 2d at 1052 ("[T]he Court dismissed the case on summary judgment, another factor in Defendant's favor"). The presence of the third factor is enhanced where, as here, the plaintiffs failed to point to any evidence in the record to support their opposition to summary judgment. *See George v. Orange County Corrections Dep't*, 6:04-cv-1356-Orl-22DAB, 2007 WL 737569, at *2 (M.D. Fla. Mar. 7, 2007) (emphasizing that the plaintiff's case was frivolous because the plaintiff presented no evidence in the record to support an inference that race was the actual reason for the adverse action when opposing the summary judgment motion).

Here, most of Plaintiffs' claims against Saint Leo were dismissed with prejudice when

the Court granted Saint Leo's motion for judgment on the pleadings, early in the litigation. Plaintiffs' sole surviving retaliation claim was dismissed when the Court granted Saint Leo's summary judgment motion because Plaintiffs failed to present any evidence that Saint Leo was their joint employer, that Saint Leo terminated their employment, that there was a causal connection between their termination and their participation in the *Sodexo* Lawsuit, or that Saint Leo's legitimate, non-retaliatory reasons for terminating its contract with Sodexo were a pretext for retaliation. Based on the Court's findings, Saint Leo has satisfied the third *Sullivan* factor, entitling it to an award of attorneys' fees.

### 4. Plaintiffs' arguments against an attorneys' fees award lack merit.

Plaintiffs argue that Saint Leo is not entitled to an award of attorneys' fees for several reasons, all of which lack merit. First, Plaintiffs argue that because attorneys' fees may not be awarded under the Fair Labor Standards Act ("FLSA") without a showing of bad faith, and because all of the claims are intertwined from a common nucleus of operative fact, Saint Leo is not permitted to recover fees under any of the other statues pled in this case.

The Court rejects this argument. Here, Saint Leo is seeking its attorneys' fees under Title VII, Section 1988, the Florida Civil Rights Act, and Florida Statute Section 448.104. Saint Leo is not seeking to recover fees under the FLSA, and therefore, need not show bad faith. The FLSA simply requires a showing of bad faith under its provision for attorneys' fees. Importantly, the statute does not prohibit an award of fees under another applicable statute.[1]

---

[1] Plaintiffs' reliance on *Alansari v. Tropic Star Seafood, Inc.*, 395 Fed. Appx. 629 (11th Cir. 2010), is misplaced. *Alansari* addressed the narrow issue of whether Florida Statute Section 768.79 may be used to obtain attorneys' fees for an offer of judgment made on FWA and workers' compensation retaliation claims in federal civil rights litigation. It does not address the issues raised in this case.

The Eleventh Circuit has demonstrated this principle by analyzing defendants' requests for fees under Title VII, even though the plaintiffs have also brought intertwined Age Discrimination in Employment Act ("ADEA") claims, which borrow the remedial provisions of the FLSA found in 29 U.S.C. § 629(b).  For example, in *Bonner v. Mobile Energy Services Co., LLC*, 246 F.3d 1303, 1304 (11th Cir. 2001), the plaintiff sued under Title VII and the ADEA.  The district court declined to award fees under the ADEA, but did award fees under Title VII.  *Id*.  The Eleventh Circuit did not find that the district court's application of *Christianburg* was erroneous, although the plaintiff had brought ADEA claims arising from a common nucleus of facts, but reversed solely because it found that the district court abused its discretion in finding that *Christianburg* had been satisfied.  *Id.*; *see also Walker v. Nationsbank of Fla., N.A.*, 53 F.3d 1548, 1559 (11th Cir. 1995); *Lawver v. Hillcrest Hospice, Inc.*, 300 Fed. Appx. 768 (11th Cir. 2008).

The Court also rejects Plaintiffs' argument that Saint Leo is not entitled to fees under the Florida Whistleblower Act ("FWA"), without a showing of bad faith, due to federal preemption.  That argument was rejected in *James v. Wash Depot*, 489 F. Supp. 2d 1336 (S.D. Fla. 2007), a case in which the plaintiff brought retaliation claims under the FCRA, the FLSA, and the FWA.  After receiving summary judgment on all retaliation claims, the defendant sought attorneys' fees under the FWA.  *Id.* at 1338.  The court held that "Florida law governs whether Defendants may recover attorneys' fees or not.  Under Florida Statute § 448.104, a prevailing party on a FWA claim may recover its reasonable attorneys' fees and costs."  *Id.*  The court did not apply FLSA preemption and require that the defendant demonstrate bad faith.  *Id.* at 1339; *see also McGregor v. Bd. of County Comm'rs*, 130 F.R.D. 464, 468 (S.D. Fla. 1990) (awarding fees under the FWA

10

to the defendant as a "prevailing party"). Here, the fact that Plaintiffs' retaliation claims were pursued under the FWA, as well as the FLSA, Section 1981, Title VII, and the FCRA, does not mean that Saint Leo must meet the FLSA bad faith standard.

The Court also rejects Plaintiffs' minimal arguments that Saint Leo did not meet the *Christianburg* standard. Plaintiffs argue that the Court's order on the motion for judgment on the pleadings shows that their joint employer theory was not frivolous because the Court stated that "it is unclear" whether Saint Leo qualified as an employer. The Court, however, specifically recognized that the joint employer issue was beyond the scope of Saint Leo's motion. Thus, the order provides no basis to argue against frivolity. The Court also rejects Plaintiffs' contention that Saint Leo's request to enlarge discovery weighs against a finding of frivolity. In this case, the request for additional discovery has no relevance to the merit of the claims. Finally, the Court rejects Plaintiffs' contention that the in-person attendance of a claims professional, who had been given leave to appear by phone, at the mediation shows that the attempt to settle was not minor. The fact that a claims professional appeared in person at the mediation does not weigh against an award of fees.

### B.     Amount of Fees

Having determined that Saint Leo is entitled to recover its attorneys' fees, the Court now must determine the amount of fees that Saint Leo can recover. The lodestar method is the accepted means to determine a reasonable award of attorneys' fees. *Padurjan v. Aventura Limo. & Transp. Serv.*, 441 Fed. Appx. 684, 686 (11th Cir. 2011) (citing *Resolution Trust Corp. v. Hallmark Builders, Ins.*, 996 F.2d 1144, 1149-50 (11th Cir. 1993)). The lodestar is the number of hours reasonably expended in the legal work on the case, multiplied by a reasonable hourly

rate for the services. *Atlanta Journal v. City of Atlanta*, 442 F.3d 1283, 1289 (11th Cir. 2006).

### 1.     Reasonable Hours Expended

Counsel for Saint Leo expended 560.90 hours in successfully defending this suit. These hours involved conducting discovery, and filing motions, including a motion for judgment on the pleadings and a motion for summary judgment. In preparing these motions, defense counsel examined key issues such as *res judicata*, collateral estoppel, the theory of joint employers, and retaliatory termination. Furthermore, defense counsel were assisted by two paralegals, who expended 165.1 hours in preparation for filing these motions and taking depositions.

The Court has reviewed the time records submitted by Saint Leo, and concludes that none of the attorneys' or paralegals' hours were redundant or unnecessary. The Court rejects Plaintiffs' conclusory argument that the time records lacked sufficient detail. To the contrary, the time records contain enough detail to show that the hours expended involved communicating with clients and opposition counsel, preparing for depositions, legal research, review of Court filings, and drafting motions. Accordingly, the Court finds that the number of hours expended in defending this action was reasonable.

### 2.     Reasonable Hourly Rates

Saint Leo's counsel consisted of five attorneys and two paralegals. Four of the five attorneys were billed at a rate of $295 per hour, while the fifth attorney was billed at a rate of $240 per hour. The two paralegals were billed at a rate of $95 per hour.

When considering what constitutes a reasonable hourly rate, the Court may consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other

employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Bivins v. Wrap It Up, Inc.*, 380 Fed. Appx. 888, 890 (11th Cir. 2010) (citing *Johnson v. Ga. Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

With respect to factors 1 and 2, Saint Leo contends that it was required to expend a significant amount of time and labor on discovery-related issues, as well as filing a substantive motion for judgment on the pleadings, which required a review of Plaintiffs' previous litigation against Sodexo and extensive research of *res judicata* and collateral estoppel issues. With respect to factor 3, Saint Leo contends that employment litigation requires specialized knowledge and skill, which counsel used to handle this case efficiently and effectively.

Regarding factor 5, Saint Leo's attorneys note that they charged a fixed hourly rate in this case that is substantially lower than the hourly rates they customarily charge in employment litigation. This negotiated rate is given to independent universities and colleges, like Saint Leo, due to their mission. Finally, regarding factor 8, Saint Leo contends that it was able to obtain a favorable judgment when faced with complex legal issues as a result of its counsel's experience and expertise in the area of employment litigation.

Having considered these relevant factors, the Court concludes that the hourly rates charged by Saint Leo's attorneys and paralegals were reasonable for the reasons stated by Saint Leo. Notably, Plaintiffs failed to make any argument concerning the reasonableness of the

number of hours billed or the hourly rate.

In conclusion, the Court has determined that both the hours expended and the hourly rates charged by Saint Leo's counsel are reasonable and justified. Accordingly, Saint Leo is entitled to its attorneys' fees of $181,216.50.

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Saint Leo's Verified Motion to Tax Costs and for Attorneys' Fees is **GRANTED**. Saint Leo is entitled to recover $181,216.50 in attorneys' fees and $10,314.27 in costs from Plaintiffs.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of September, 2012.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge